IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 5:06-cv-100 (DF) |
| | : | |
| BRANDON M. WHATLEY; M.A.P. OF MACON, INC. d/b/a BUFFALO'S CAFE; MICHAEL DEWAYNE CHILDS; RIVALRY'S INC.; CJ'S BAR & GRILL, INC.; CITY OF MACON; AND MARTIN KENDRICK, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

Before the Court is Plaintiff's Motion for Default Judgment (doc. 27). Plaintiff seeks a default judgment against Defendant Rivalry's, Inc. ("Rivalry's") and against Defendant Michael Dewayne Childs ("Childs"). Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk's Office made an entry of default on July 3, 2006. Plaintiff now applies to this Court pursuant to Rule 55(b)(2) for a default judgment. For the reasons stated below, Plaintiff's motion is **GRANTED**.

**Background**

The case arose out of insurance coverage disputes stemming from a car accident on September 6, 2004. Defendant Brandon Whatley was injured in an automobile collision while a passenger in a car driven by co-Defendant Childs. Whatley filed the underlying lawsuit in the Superior Court of Bibb County, Georgia, alleging, *inter alia*, that Defendant restaurant CJ's Bar & Grill is liable for his injuries because the restaurant provided alcoholic beverages to Childs, a visibly

intoxicated patron whom CJ's knew would soon be operating a motor vehicle.

Plaintiff, an insurer, issued a commercial general liability insurance policy to CJ's Bar & Grill. However, Plaintiff contests coverage for the claims asserted by Whatley in the underlying lawsuit. In compliance with Georgia law, Plaintiff filed a declaratory judgment action, joining as defendants all individuals and entities interested in the outcome of said action. In addition to Whatley and CJ's Bar & Grill, Plaintiff joined Childs, the driver of the automobile, and Rivlary's, a restaurant that also provided alcohol to Childs on the night of the collision.

## **Procedural Facts**

Defendant Rivalry's was properly served via its registered agent for service of process with the summons and complaint on April 10, 2006 (doc. 4). Defendant Childs was personally served with the summons and complaint on May 24, 2006 (doc. 26). However, both of the aforementioned Defendants failed to answer, respond to, or otherwise defend against the complaint within the 20-day time period prescribed by the Federal Rules. Counsel for Plaintiff attested to these facts in a sworn affidavit filed contemporaneously with Plaintiffs' Motion for Default Judgment (doc. 27) on June 21, 2006. The Clerk of Court made an entry of default on July 3, 2006, in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiff now moves the Court to enter judgment by default against Defendants under Rule 55(b)(2). Fed. R. Civ. P. 55. Defendants have failed to appear in this action and, according to Plaintiff's counsel's affidavit, their failure to appear is not due to infancy, incompetency, or military service.

**Discussion**

Pursuant to Rule 57[1] and 28 U.S.C. § 2201,[2] Plaintiff seeks action for a declaratory judgment. The purpose of the action is to determine the rights and other legal relations surrounding questions of actual controversy between Plaintiff and various defendants. "Federal courts long have held that an insurance company seeking determination of its liabilities under an insurance contract could utilize the Declaratory Judgment Act for such a purpose." *State Farm Mut. Auto. Ins. Co. v. Bates*, 542 F. Supp. 807, 817 (M.D. Ga. 1982), *cited in* *GE Life & Annuity Assur. Co. v. Combs*, 191 F. Supp. 2d 1364, 1370 (M.D. Ga. 2002). Here, Defendants Rivalry's and Childs have been properly joined as an entity and individual, respectively, with a possible interest in the outcome of the pending coverage dispute. As such, a sufficient basis exists for the entry of default judgment.

The well-pleaded facts alleged in Plaintiffs' complaint were deemed admitted as of July 3, 2006—the date on which the Clerk made the default entry. *See* ***Nishimatsu Const. Co. v. Houston***

---

[1] The procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C., § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.

Fed. R. Civ. P. 57.

[2] In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

*Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]  "[H]owever, a defendant's default does not in itself warrant the court in entering a default judgment" because "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.*  Here, Plaintiff's complaint sets forth a valid legal claim against Defendants and thus provides a sufficient basis for entering judgment against them.

To be sure, "[t]he entry of a default judgment is committed to the discretion of the district court." **Hamm v. DeKalb County**, 774 F.2d 1567, 1576 (11th Cir. 1985).  Here, the Court finds the entry of a default judgment appropriate.  Plaintiff has in every way complied with the requirements set forth by the Federal Rules of Civil Procedure, while Defendants Rivalry's and Childs have not.  Rule 12 required Defendants to serve upon Plaintiff's counsel an answer to the complaint within twenty (20) days after Defendants were served, Fed. R. Civ. P. 12(a)(1)(A), but neither Defendant has filed a responsive pleading.  (Mot. For Def. Jmt., doc. 27, Aff. of Pl. Counsel).  Because Defendants deadline elapsed over two months ago, the Court finds an entry of default judgment appropriate under these circumstances.

## Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiffs' Motion for Default Judgment as follows:

Defendants Rivalry's Inc. and Michael Dewayne Childs shall be bound by the judgment of this Court concerning Plaintiff's duty to defend or indemnify Defendants in the underlying lawsuit filed by Defendant Whatley, currently pending in Superior Court of Bibb County.

---

[3] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981.  *See* **Bonner v. City of Prichard**, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

SO ORDERED, this 7th day of November, 2006.

        **/s/ Duross Fitzpatrick**
        DUROSS FITZPATRICK, JUDGE
        UNITED STATES DISTRICT COURT

DF/cbb